IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHARON BEGAY**, as parent and
next friend of Brandy Begay, a minor,
**BEATRICE BEGAY**, and
**CORNELIUS WEST**,

      Plaintiffs,

  vs.                                                           No. CIV 05-0494 MCA/LCS

**JOEL RANGEL**, and
**HI-SIERRA RECOVERY, INC.**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiffs' Brief on the Issue of Damages* [Doc. 29] filed on February 21, 2006, and Plaintiffs' *Application for Entry of Default* [Doc. 10] filed on September 14, 2005. Having considered the pleadings of record, the arguments and evidence submitted with Plaintiffs' brief on damages, the relevant law, and otherwise being fully advised in the premises, the Court finds that, for the reasons set forth below: (1) Plaintiff Cornelius West is entitled to a default judgment against Defendants Joel Rangel and Hi-Sierra Recovery, Inc. in the amount of $70,000.00; (2) Plaintiff Beatrice Begay is entitled to a default judgment against Defendants Joel Rangel and Hi-Sierra Recovery, Inc. in the amount of $30,000.00; and (3) Plaintiff Brandy Begay is entitled to a default judgment against Defendants Joel Rangel and Hi-Sierra Recovery, Inc. in the amount of $40,000.00.

**I.      FINDINGS OF FACT**

The well-pleaded factual allegations in Plaintiffs' *Complaint* [Doc. 1] are accepted as true by virtue of Defendants' default. In addition, the Court makes the following findings of fact with respect to the issues of damages:

1.      Defendants Joel Rangel and Hi-Sierra Recovery, Inc. were properly served in this action on August 18, 2005. [Doc. 8, 9.]

2.      Defendants Joel Rangel and Hi-Sierra Recovery, Inc. have failed to answer the *Complaint* or appear in this action at any time, and these Defendants are in default. [Doc. 13.]

3.      Plaintiffs Brandy Begay, Beatrice Begay, and Cornelius West each sustained personal injuries and medical expenses as a direct result of the conduct of Defendant Joel Rangel in causing a collision with Plaintiffs' vehicle at about 3:30 p.m. on September 10, 2003, on U.S. Highway 160 in Northern Arizona.

4.      At the time of the collision, Defendant Joel Rangel was acting within the scope of his employment as owner and operator of Defendant Hi-Sierra Recovery, Inc., such that Defendant Hi-Sierra Recovery is liable for Defendant Joel Rangel's conduct under principles of *respondeat superior*.

5.      Plaintiff Cornelius West has presented credible evidence to support his claim for $35,000.00 in compensatory damages.

6.      Plaintiff Beatrice Begay has presented credible evidence to support her claim for $15,000.00 in compensatory damages.

7. Plaintiff Brandy Begay has presented credible evidence to support her claim for $20,000.00 in compensatory damages.

8. In addition to compensatory damages, Plaintiffs are entitled to an award of punitive damages because Defendant Rangel consciously pursued an aggravated and outrageous course of conduct knowing that it created a substantial risk of significant harm to others.

9. As to Plaintiff Cornelius West, the evidence supports an award of punitive damages in the amount of $35,000.00.

10. As to Plaintiff Beatrice Begay, the evidence supports an award of punitive damages in the amount of $15,000.00.

11. As to Plaintiff Brandy Begay, the evidence supports an award of punitive damages in the amount of $20,000.00.

## II. ANALYSIS

### A. Jurisdiction

The law in this circuit requires that "judgment by default should not be entered without a determination that the court has jurisdiction over the defendant." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997). Thus, before entering a default judgment "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. and Loan, 802 F.2d 1200, 1202-03 (10th Cir. 1994).

In this case, the Court has reviewed the record and is satisfied that it has jurisdiction over both the subject matter and the parties at issue in Plaintiffs' motion. In particular, the Court finds that Defendants Joel Rangel and Hi-Sierra Recovery, Inc. are of diverse citizenship from each Plaintiff and were properly served with the *Summons* and *Complaint*. Further, there is no evidence to suggest that either of these Defendants is an infant, an incompetent person, or a soldier or sailor who is shielded from entry of a default judgment under these circumstances.

Although the amount of damages awarded to each Plaintiff individually does not exceed $75,000.00, I note that the amount-in-controversy requirement for diversity jurisdiction is determined by inquiring whether a Plaintiff has made a good-faith claim for that amount at the time the *Complaint* is filed, not whether the Plaintiff actually prevails on that claim at the time a final judgment is entered. See Herrera v. Carrera Designs, Inc., 157 F.3d 1118, 1121 (7th Cir. 1998). Because some of the Plaintiffs' injuries have required continuing treatment, and the question of punitive damages remained an open question at the time the *Complaint* was filed, I find that Plaintiffs' allegations regarding the amount in controversy were not lacking in good faith at that time.

**B.    Damages**

The Tenth Circuit has held that "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985). As stated in the Court's prior *Order* [Doc. 21], I understand the requirement of a hearing to

include the opportunity for written submissions in lieu of live testimony and argument, where the Plaintiffs are proceeding *in forma pauperis*, traveling to the courthouse for live testimony would impose a significant burden on them, and such live testimony would essentially duplicate evidence which can be tendered in admissible form by means of affidavits or other written submissions.

In cases where such a hearing or opportunity for written submissions is necessary, "the calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry." Joe Hand Promotions, Inc. v. Hernandez, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted). The amount of damages assessed through such an inquiry rests in the sound discretion of the Court. See Cable/Home Communication Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990).

While in this context "[d]ecisions to enter judgment by default are committed to the district court's sound discretion, . . . a decision based on an erroneous view of the law is an abuse of discretion." Dennis Garberg & Assocs., Inc., 115 F.3d at 771. Thus, it is erroneous to enter a default judgment if, as a matter of law, Plaintiffs' *Complaint* fails to state a claim upon which relief may be granted.

> [A] defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded

>or to admit conclusions of law. . . .  In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  Further, a default judgment may not award relief that is greater in kind or amount than that sought in the *Complaint*.  See Fed. R. Civ. P. 54(c); Scala v. Moore McCormack Lines, Inc., 985 F.2d 680, 683 (2d Cir. 1993).

Under the authorities cited above, any award of damages based on Defendants' default must be preceded by a determination of whether Plaintiffs' pleading states a claim upon which relief may be granted.  If Plaintiff surmounts this preliminary hurdle, the Court must further determine whether the law confers discretion to determine the amount of damages, and if so, what factors are relevant to the Court's exercise of such discretion.

In this case, Plaintiff *Complaint* states a claim under the common law of negligence.  Although I must apply the substantive law of New Mexico in this diversity action, see Vandeventer v. Four Corners Electric Co., 663 F.2d 1016, 1017 (10th Cir. 1981), New Mexico courts generally follow the doctrine of *lex loci delecti*, under which I must look to the law of the state in which the wrongful conduct occurred to determine the standard for liability, see Torres v. State, 119 N.M. 609, 613, 894 P.2d 386, 390 (1995).  As the motor-vehicle collision at issue in this case occurred in Arizona, and there is no violation of New Mexico's public policy in applying Arizona law under these circumstances, I apply Arizona's standards for determining liability.  See id.

Under Arizona law, "[t]he necessary elements of actionable negligence, succinctly stated, are a duty, breach of duty, and injury resulting from the breach." Vivian Arnold Realty Co. v. McCormick, 19 Ariz. App. 289, 293, 506 P.2d 1074, 1078 (Ct. App. 1973). Thus, "[t]o recover in a negligence action, a plaintiff must prove each element of negligence--the existence of a duty, breach of that duty, causation, and damages." Saucedo v. The Salvation Army, 200 Ariz. 179, 183, 24 P.3d 1274, 1278 (Ct. App. 2001).

Because the well-pleaded factual allegations in Plaintiffs' *Complaint* are deemed admitted by virtue of Defendants' default, and each Plaintiff has submitted admissible evidence of their personal injuries and medical costs with their brief on damages, I conclude that Plaintiffs easily meet their burden of proving each element of their negligence claims against Defendants Joel Rangel and Hi-Sierra Recovery, Inc. I also conclude that the amount of compensatory damages for each Plaintiff requested in Plaintiffs' brief on damages is supported by the evidence of record and does not exceed the scope of relief requested in their *Complaint*.

The next question is whether Plaintiffs also are entitled to an award of punitive damages. Arizona law allows employers to be held liable for punitive damages under a theory of *respondeat superior* in the circumstances presented here, where Defendant Joel Rangel is the owner/operator of Defendant Hi-Sierra Recovery, Inc., and is acting within the scope of his employment at the time of his wrongdoing. See Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn, 184 Ariz. 120, 129, 907 P.2d 506, 514 (Ct. App.1995) (collecting cases).

To recover punitive damages under such a theory, however, "a plaintiff must prove something more than the underlying tort." Saucedo, 200 Ariz. at 182, 24 P.3d at 1277. In particular, Arizona courts have "expressly barred awards of punitive damages based on gross negligence or mere reckless disregard of the circumstances." White v. Mitchell, 157 Ariz. 523, 529, 759 P.2d 1327, 1333 (Ct. App. 1988). Further, the evidence in support of punitive damages must be "more than slight and inconclusive." Id.

Rather, "a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an 'evil mind.'" Hyatt Regency Phoenix Hotel Co., 184 Ariz. at 132, 907 P.2d at 518 (citations omitted). "Although the element of a tortfeasor's intent may be inferred, a plaintiff must always prove 'outwardly aggravated, outrageous, malicious, or fraudulent conduct.'" Saucedo, 200 Ariz. at 182, 24 P.3d at 1277 (quoting Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 331, 723 P.2d 675, 680 (1986)). Further, "[t]he requisite intent and outrageous and egregious conduct must occur in tandem with the conduct giving rise to the injury in order to recover punitive damages." Id.

For purposes of proving the requisite state of mind, however, it is sufficient that a defendant "should have known that his conduct was so egregious that it created a substantial risk of harm to others." Olson v. Walker, 162 Ariz. 174, 179, 781 P.2d 1015, 1020 (Ct. App. 1989). Thus, in addition to cases where the defendant specifically intended to injure the plaintiff, the "evil mind" which may justify an award of punitive damages may "be found where . . . [the] defendant consciously pursued a course of conduct knowing that it created

a substantial risk of significant harm to others." Rawlings v. Apodaca, 151 Ariz. 149, 162, 726 P.2d 565, 680 (1986).

With respect to the amount of punitive damages, a plaintiff "need only introduce evidence sufficient to allow the trier of fact to calculate an award that is reasonable under the circumstances." White, 157 Ariz. at 529, 759 P.2d at 1333. "Although a precise laundry list of relevant evidence is impossible, evidence is properly considered by the trier-of-fact in assessing punitive damages if it bears upon the purpose and function of punitive damages." Hawkins v. Allstate Ins. Co., 152 Ariz. 490, 497, 733 P.2d 1073, 1080 (1987). Such relevant evidence may touch on "the defendant's financial position" and "the profitability of the defendant's conduct," as well as "the nature of the defendant's conduct, including the reprehensibility of the conduct and the severity of the harm likely to result, as well as the harm that has occurred, from the defendant's conduct." Id. "The more reprehensible the act and the more severe the resulting harm, the greater the award of punitive damages that is reasonable under the circumstances." Id.

In this case, I conclude that the factual allegations in Plaintiffs' *Complaint* (which are deemed admitted) and the evidence submitted with Plaintiffs' brief on damages are sufficient to meet the threshold requirements for a punitive-damages award. These allegations and evidence do not suggest that Plaintiffs' own conduct was a contributing factor in the collision which gave rise to their injuries, nor are there other, environmental factors which contributed to this collision. Rather, the collision occurred on a dry, level surface in broad daylight, where the only explanation is that Defendant Joel Rangel was speeding and not paying

-9-

attention to the roadway in front of him while he knowingly towed another vehicle followed by a third vehicle driven by his employee, which in turn was towing a fourth vehicle.

While there is no evidence that Defendants specifically intended to injure anyone, the admitted allegations and evidence of record do support the inference that Defendant Rangel consciously pursued an aggravated and egregious course of conduct knowing that it created a substantial risk of significant harm to others. In this respect, I find the facts of this case to be analogous to White, 157 Ariz. at 529, 759 P.2d at 1333, where the Court of Appeals of Arizona determined that:

> Though the evidence was largely circumstantial, the jury could have found that [the defendant] was well aware he was driving a tractor-trailer rig that was in such dangerous condition that its continued operation gave rise to a very substantial risk of causing serious personal injury or death to pedestrians or other motorists, and yet deliberately persisted in doing so over a long period of time.

The "dangerous condition" at issue in White was a failure to inspect and maintain the truck's brakes which--in combination with the driver's excessive speed--made it impossible to safely stop the truck. Excessive speed also played a factor in the present case, but rather than a brake failure, it was the driver's inattention to the roadway while knowingly towing another vehicle followed closely by a third vehicle that caused the Plaintiffs' injuries.

The parties are extremely fortunate that the collision at issue here did not give rise to more serious injuries or deaths. Had Plaintiffs presented more evidence concerning Defendants' financial position and the profitability of Defendants' conduct, I might have been persuaded to award punitive damages in an amount greater than Plaintiffs'

compensatory damages. Considering the other relevant factors cited above, however, I conclude that an award of punitive damages equal to Plaintiffs' compensatory damages is reasonable and sufficient to deter future misconduct of this nature.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court shall enter a default judgment awarding a total of $70,000.00 in damages to Plaintiff Cornelius West, a total of $30,000.00 in damages to Plaintiff Beatrice Begay, and a total of $40,000.00 in damages to Plaintiff Brandy Begay. With respect to each Plaintiff, half of the total award is for compensatory damages, and half of the total award is for punitive damages.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Application for Entry of Default* [Doc. 10] is **GRANTED**, and a default judgment against Defendants Joel Rangel and Hi-Sierra Recovery, Inc., shall be entered concurrently with this *Memorandum Opinion and Order*.

**SO ORDERED** this 10th day of March, 2006, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**